[L. A. No. 1943. Department Two.—February 10, 1908.]

## G. C. CADY, Appellant, v. CITY OF SAN BERNARDINO, and LYTLE CREEK POWER COMPANY, Respondents.

MUNICIPAL CORPORATIONS—PROPOSAL OF CITY COUNCIL FOR LIGHTING OF CITY—FLEXIBLE METHOD PROPER.—In performing the duty of a city council to provide the city with adequate lights, it is not required, in its proposal for bids, to fix the absolute number of lights required, which might be increased or diminished according as the population of the city might be increased or diminished; but it was proper to call for bids for a supply of lights of a designated character and candle-power, burning for a designated time, at so much per week or month for each light required by the city, which is the usual method adopted by municipal corporations.

ID.—REQUIREMENT OF CHECK FOR BENEFIT OF CITY ENDED BY CONTRACT—UNTENABLE SUIT BY TAXPAYER.—The object of the requirement of a ten-per-cent check accompanying a bid is for the benefit of the city, to avoid possible loss in the event that the successful bidder should refuse to enter into the contract; and where the contract is entered into the purpose of the requirement is at an end. A taxpayer cannot, after the contract is let under a proper method, maintain a suit to avoid it, either on account of the method employed or for the insufficiency of the required check for ten per cent of the bid, whatever objection he might have made for such insufficiency before the contract was let.

APPEAL from a judgment of the Superior Court of San Bernardino County.   N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Byron Waters, for Appellant.

The charter is the measure of the power of the city in making contracts. (*Argenti* v. *San Francisco,* 16 Cal. 255; *McCracken* v. *San Francisco,* 16 Cal. 591; *Zottman* v. *San Francisco,* 20 Cal. 97, 81 Am. Dec. 96; *Pimental* v. *San Francisco,* 21 Cal. 351; *French* v. *Teschemacher,* 24 Cal. 519; *People* v. *Coon,* 25 Cal. 649; *Herzo* v. *San Francisco,* 33 Cal. 134; *Nicholson Pavement Co.* v. *Painter,* 35 Cal. 699; *Ex parte Frank,* 52 Cal. 608, 28 Am. Rep. 642; *McCoy* v. *Briant,* 53 Cal. 247, 250; *Los Angeles Gas Co.* v. *Toberman,* 61 Cal. 199; *San Francisco Gas Light Co.* v. *Dunn,* 62 Cal. 580; *Gleason* v. *Spray,* 81 Cal. 217, 15 Am. St. Rep. 47, 22 Pac. 551; *Connor* v. *Southern California Motor R. Co.,* 101 Cal. 429, 35 Pac. 990; *Santa Cruz Rock Paving Co.* v. *Broderick,* 113 Cal. 628, 45 Pac. 863; *Frick* v. *Los Angeles,* 115 Cal. 512, 47 Pac. 250; *Times Publishing Co.* v. *Weatherby,* 139 Cal. 618, 73 Pac. 465; *Wichmann* v. *City of Placerville,* 147 Cal. 162, 81 Pac. 537; *Fountain* v. *City of Sacramento,* 1 Cal. App. 461, 82 Pac. 637; 1 Dillon on Municipal Corporations, secs. 21, 39, 449; 20 Am. & Eng. Ency. of Law, 2d ed., pp. 1159, 1168; Sutherland on Statutory Construction, sec. 454.)

Gregg & Surr, Ralph E. Swing, and Seward A. Simons, for Respondents.

Bids for water and lights are not required to be supplied under the express terms of the charter. (Const., art. XI, sec. 19; *Contra Costa Water Co.* v. *Breed,* 139 Cal. 432, 73 Pac. 189; *Denninger* v. *Recorder's Court,* 145 Cal. 632, 79 Pac. 360; *Harlem Gas Co.* v. *New York,* 33 N. Y. 309; *Tanner* v. *Town of Auburn,* 37 Wash. 38, 79 Pac. 494.) The mode of letting the contract for the city lighting was that usually employed by municipal corporations. (*State* v. *City of Phillipsburg,* 23 Mont. 44, 57 Pac. 408; *City of Baxter Springs* v. *Baxter Springs Light & Power Co.,* 64 Kan. 591, 68 Pac. 64; *Vincennes* v. *Citizens' Gas Light & Coke Co.,*

132 Ind. 114, 16 L. R. A. 485, 487, 31 N. E. 573; *Town of Colorado City* v. *Townsend,* 9 Colo. App. 249, 47 Pac. 663; *Altgelt* v. *San Antonio,* 81 Tex. 436, 17 S. W. 75, 13 L. R. A. 386; *Illinois Trust and Savings Bank* v. *Arkansas City,* 76 Fed. 271, 22 C. C. A. 171; *Detroit* v. *Circuit Judge,* 79 Mich. 389, 44 N. W. 622; *Attorney-General* v. *Detroit,* 26 Mich. 263, 270. The bid of ten per cent was for the benefit of the city and cannot be assailed after the contract is entered into and the bond for its performance given. (*Fletcher* v. *Prather,* 102 Cal. 413, 36 Pac. 658; *Rice* v. *Board of Trustees,* 107 Cal. 402.)

HENSHAW, J.—This action was brought by plaintiff, as a taxpayer of the city of San Bernardino, to obtain a judgment against the defendants to the effect that a certain contract which had been entered into between them for the furnishing of illuminating light to the city of San Bernardino was void. A general demurrer to the complaint was sustained. Judgment followed for defendants and plaintiff appeals.

The city of San Bernardino called for proposals and bids for the furnishing of electric light to the city under section 140 of its charter. The section provides that no supplies, material, or other item of expenditure, for an amount exceeding three hundred dollars, except for personal services, shall be ordered or purchased by the mayor and common council, except after first advertising for sealed proposals, and awarding the contract to the lowest and best bidder, "which proposal must be accompanied by a certified check in an amount not less than ten per cent of the sum bid, which check must be forfeited to the city upon failure of the person, firm, or corporation bidding to enter into the contract awarded"; and a sufficient bond payable to the city, with two or more sureties, or a surety company bond, shall be required to secure a faithful performance of each contract awarded.

The propositions advanced by appellant against the contract, and upon which he asserts it to be absolutely void, are based upon what he conceives to be violations of this provision of the charter. Herein he contends that the contract is void because the call for bids did not specify any particular number

of lights, nor the candle-power thereof, which the city would require.   In this respect, the bid of the Power Company, which is set forth at length in the complaint, shows that the company agreed to furnish such a number of lamps and lights as the city might require, describing the lamps and their candle-power at the price of $4.49 for each lamp during each and every calendar month of the term.   The call for the proposals declared that the bidder should furnish a statement of detail of the kind of light he proposes to furnish, the candle-power thereof and the price, for each light, per month, or otherwise.

It is next contended that the certified check with which the defendant power company accompanied its bid was only for fifty dollars, and that under the nature of the call for bids, no bidder could tell what amount should be named in the certified check accompanying the bid; and

Finally, it is urged that the provisions of the charter do not admit of the making of a contract containing the uncertain element as to the number of lamps, or lights, which the city might require; that, in other words, the call for bids should have prescribed the precise number of lights which the needs of the city exacted.

Upon all these points, as appellant declares, he relies on the familiar principle that the mode prescribed by the charter of the city is the only mode for the exercise of the power conferred, and that in the respects above enumerated there is a departure from that mode so flagrant as to render the contract void.   Respondent makes answer that the charter provision in question has no applicability to a contract of a city for supplying it with gas, or other illuminating light, and that such has been held where the question was the furnishing of a municipality with water (*Contra Costa Water Co.* v. *Breed,* 139 Cal. 432, [73 Pac. 189], that the same reasoning and rule under section 19 of article XI of the constitution, should apply to the furnishing of light (*Denninger* v. *Recorder's Court,* 145 Cal. 632, [79 Pac. 360] ; *Harlem Gas Co.* v. *New York,* 33 N. Y. 309).   But, without pausing to decide this question, and for the purposes of this case, taking the position which most strongly favors the appellant, we are still of the opinion that the trial court's ruling, sustaining the demurrer, was sound.   The first objection, that the

council should have fixed the absolute number of lights required, upon which number alone proposals were to be received, is not sustained by reason or authority. It was the duty of the officers of the municipality to provide the city with adequate light. As the city should increase or decrease in population, more or fewer lights would be required. It would be absurd to exact that the city should advertise for and specify the number of lights, when during the life of the contract its need might be for five times the number, or, upon the other hand, when from calamity, or other cause, its necessities might be reduced to one fourth of the prescribed number. The simple, direct, and understandable method was that employed, to call for a supply of lights of designated character and candle-power, burning for a designated time, at so much per week or month. This was the method adopted, and is the general method (*State* v. *City of Phillipsburg,* 23 Mont. 16, [57 Pac. 405] ; *Baxter Springs* v. *Baxter L. & P. Co.,* 64 Kan. 591, [68 Pac. 64] ; *Vincennes* v. *Citizens' G. & L. Co.,* 132 Ind. 114, [31 N. E. 573], 16 L. R. A. 487 ; *Town of Colorado City* v. *Townsend,* 9 Colo. App. 249, [47 Pac. 663] ; *Altgelt* v. *San Antonio,* 81 Tex. 436, [17 S. W. 75], 13 L. R. A. 386 ; *Illinois Trust and Savings Bank* v. *Arkansas City,* 76 Fed. 271, [22 C. C. A. 171].

The second contention of appellant that the bid of the power company was not accompanied by a certified check to the amount of ten per cent of the bid is equally untenable. In the first place, it would be difficult under the circumstances of this bid for the company to have determined with exactness what would have amounted to ten per cent and a court would be reluctant in such a case where a *bona fide* bid was presented to overthrow it upon such narrow ground. But, of more consequence still, is this consideration : the requirement that a certified check for ten per cent of the amount shall accompany the bid is one wholly for the benefit of the city to avoid possible loss in the event that the successful bidder should refuse to enter into the contract, thus, perhaps, entailing the necessity of re-advertising. It is conceivable that a taxpayer might have a grievance which would be heard in court to prevent the consideration by the officials of such a bid not so accompanied by the ten-per-cent certified check, but that grievance is certainly at an end when the bidder,

in good faith, and under an approved bond, has entered into the contract. Such is the condition here. The purpose of the requirement was at an end when the contract was entered into, and as this proceeding is brought after that fact and to avoid the very contract, the appellant is without standing upon this proposition.

The judgment appealed from is, therefore, affirmed.

Lorigan, J., and McFarland, J., concurred.